*LASC, Case No.: 11U13619*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**PRIORITY SEND**
**JS-6**

### CIVIL MINUTES -- GENERAL

Case No.   **CV 12-21-JFW (CWx)**                    Date:  January 20, 2012

Title:   DCB United, LLC as Trustee of the Baywood St. Trust UDT 9/7/2011 -*v*- Jesus M. Reyes, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

On October 12, 2011, Plaintiff DCB United, LLC as Trustee of the Baywood St. Trust UDT 9/7/2011 ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Jesus M. Reyes ("Defendant") in Los Angeles Superior Court.  On January 12, 2012, Julia Moreno ("Moreno"), who claims to have intervened in the Los Angeles Superior Court action by filing a Pre-Judgment Claim of Right to Possession, filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Moreno bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Moreno fails to meet her burden of demonstrating that removal is proper.  Plaintiff's Complaint alleges one claim for unlawful detainer under state law.  While Moreno alleges in her Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003)

Initials of Deputy Clerk _sr_

(internal citation omitted).  Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__